IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRY SQUIRES,<br><br>    Plaintiff,<br><br>    v.<br><br>GRUNDY COUNTY, by and through The GRUNDY COUNTY SHERIFF'S DEPARTMENT, GRUNDY COUNTY SHERIFF'S DEPARTMENT, GRUNDY COUNTY SHERIFF KEN BRILEY, in his official capacity only, GRUNDY COUNTY DEPUTY JAYDYN HAWLEY,<br><br>    Defendants. | No. 24-cv-02412<br><br>Judge Franklin U. Valderrama |

## ORDER

Plaintiff Terry Squires (Squires) alleges that Grundy County Deputy Jayden Hawley (Deputy Hawley) used excessive force against her while he was attempting to arrest her following a traffic stop. Squires has filed suit asserting a claim for excessive force under 42 U.S.C. § 1983 against Deputy Hawley and a state-law claim for battery against Deputy Hawley, Grundy County, and Sheriff Ken Briley (Sheriff Briley). R. 1, Compl.[1] Defendants have moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 15, Mot. Dismiss. For the reasons that follow, Defendants' motion is granted in part and denied in part.

---

[1] Citations to the docket are indicated by "R." followed by the docket number or filing name, and where necessary, a page or paragraph citation.

**Background**

On or about April 1, 2023, Deputy Hawley attempted to conduct a traffic stop on Squires. Compl. ¶ 7. Deputy Hawley then followed Squires to her home, at which time he exited his vehicle and approached Squires' stopped vehicle. *Id.* ¶¶ 8–9. Deputy Hawley and Squires conversed for several minutes, after which Deputy Hawley ordered Squires to exit her vehicle, which she eventually did. *Id.* ¶ 10. As Squires exited her vehicle, Deputy Hawley attempted to place her under arrest and place her in handcuffs. *Id.* ¶ 11. In the process of trying to handcuff Squires, Deputy Hawley forcefully threw Squires to the ground, which resulted in her becoming unconscious, and which Squires alleges caused her physical and emotional injuries. *Id.* ¶ 12.

Squires was taken to the hospital in an ambulance, where she was unconscious and intubated for airway protection for three days. Compl. ¶ 13. Squires required follow up with various physicians for continued headaches, memory loss, neck pain, shoulder pain, elbow pain, and lower back pain. *Id.* Squires had surgery on her right elbow and has a torn rotator cuff in her right shoulder requiring surgical repair. *Id.* ¶ 14.

Squires sued Deputy Hawley for excessive force under 42 U.S.C. § 1983, as well as Deputy Hawley, Grundy County, and Sheriff Briley for battery under Illinois law. Compl. ¶¶ 17–26. Defendants now move to dismiss Squires' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Mot. Dismiss.

## Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Federal Rule of Civil Procedure 8, a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a complaint need only contain factual allegations, accepted as true, sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79. In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

## Analysis

**I.  Excessive Force**

Defendants argue that Squires' excessive force claim against Deputy Hawley must be dismissed because the conclusory allegations are insufficient to state a claim. Mot. Dismiss at 2. Alternatively, Defendants argue that Deputy Hawley is entitled to

qualified immunity. *Id.* at 4.

"The Fourth Amendment prohibits the use of excessive force during the execution of a seizure." *Jacobs v. City of Chicago*, 215 F.3d 758, 773 (7th Cir. 2000). The Fourth Amendment test applies an objective standard, evaluated from the perspective of a reasonable officer on the scene. *Graham v. Connor*, 490 U.S. 386, 396–97 (1989). Reasonableness depends on "the facts and circumstances of each particular case," which include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396. Force is reasonable "only when exercised in proportion to the threat posed." *Abbott v. Sangamon Cnty., Ill.*, 705 F.3d 706, 729 (7th Cir. 2013) (cleaned up).[2]

### A. Sufficiency of Allegations

According to Defendants, Squires failed to sufficiently plead that Deputy Hawley acted unreasonably, as she "admits to elusive behavior" because Deputy Hawley "attempted to conduct a traffic stop" and then followed Squires home. Mot. Dismiss at 3. Additionally, point out Defendants, because Squires alleges that Deputy Hawley "attempted" to place her under arrest and in handcuffs, at which time he "forcefully threw" Squires to the ground, Squires' "allegations imply [Squires] resisted and Deputy Hawley used force to subdue her." *Id.* And, argue Defendants, Squires' allegations that "Deputy Hawley's actions were 'willful, wanton, malicious,

---

[2]This Order uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

oppressive, and done with reckless indifference to and/or callous disregard' for her rights," and that "the force used was 'unnecessary, unreasonable, and excessive,'" are mere conclusory recitations of the law, insufficient to support a cause of action. *Id.* (quoting Compl. ¶¶ 15, 20).

Squires, on the other hand, argues that, based on her allegations that Deputy Hawley conducted traffic stop, followed Squires home, where they conversed for several minutes, after which she exited her vehicle, this was a routine traffic stop. R. 22, Resp. at 3. After Squires existed her car, Deputy Hawley threw her to the ground, which resulted in her becoming unconscious and intubated for 3 days, suffering a torn rotator cuff, and requiring surgery on her right elbow. *Id.* Therefore, contends Squires, even if she resisted handcuffing, there are no allegations of any immediate threat to Deputy Hawley or that Squires' actions were so severe to justify the force used. *Id.* Based on Squires' injuries, a reasonable inference can be drawn that Deputy Hawlye's conduct was objectively unnecessary, unreasonable, and excessive. *Id.* at 4–5.

The Court agrees with Squires that the allegations of the Complaint clearly permit a reasonable inference that Deputy Hawley's conduct was objectively unreasonable. Defendants essentially ask the Court to make reasonable inferences in *their* favor, when the standard requires the Court to accept "all well-pleaded facts as true and draw[ ] all reasonable inferences in favor of *the non-moving party*," which, here is Squires. *Tobey*, 890 F.3d at 646 (emphasis added). Squires does not allege that she resisted arrest, but rather that she eventually exited her car when Deputy

5

Hawley ordered her to do so, and while he tried to handcuff her, he threw her to the ground so forcefully that she became unconscious, requiring hospitalization and surgery. Compl. ¶¶ 10–13. Making all reasonable inferences in Squires' favor, the Court finds that she has alleged sufficient facts supporting her claim that Deputy Hawley's use of force was unreasonable.

The Court also disagrees with Defendants that Squires' allegations are simply legal conclusions: she clearly pleads factual allegations that put Defendants on notice of the nature of claims against Deputy Hawley. The sole case cited by Defendants in support of dismissal based on the conclusory nature of the claims, *Mong v. McKenzie*, 2023 WL 7629667, at *2 (N.D. Ill. Nov. 14, 2023), involved a complaint where the plaintiff solely "checked boxes for . . . excessive force, [but] nothing in the complaint supports those allegations." Here, to the contrary, as discussed above, Squires alleges the context and nature of the force applied (Deputy Hawley threw her to the ground when attempting to handcuff her), and her resulting injuries resulting from the force.[3] Squires has plausibly alleged a claim for excessive force.

That is not the end of the analysis, however, since Defendants contend in the alternative that Deputy Hawley is shielded by qualified immunity. Mot. Dismiss at 4.

---

[3]It is worth noting briefly that "[i]njury is not an element of an excessive-force claim; rather, it is evidence of the degree of force imposed and the reasonableness of that force." *McAllister v. Price*, 615 F.3d 877, 882 (7th Cir. 2010)

### B. Qualified Immunity

Defendants argue that they are immune from damages under the doctrine of qualified immunity because Squires failed to state a claim for a constitutional violation. Mot. Dismiss at 4. Squires retorts that dismissal on the basis of qualified immunity is premature because such a defense is fact intensive. Resp. at 5 (citing *Reed v. Palmer,* 906 F.3d 540, 546 (7th Cir. 2018); *Alvarado v. Litscher,* 267 F.3d 648,651 (7th Cir. 2001)). Even so, contends Squires, the facts of her case are closely analogous to those in *Frazell v. Flanigan*, 102 F.3d 877, 881 (7th Cir. 1996), such that the law is clear that a police officer violates the Fourth Amendment by employing excessive force during an arrest. *Id*. at 4–5.

Qualified immunity "'shields officials from civil liability so long as their conduct does not violate clearly established . . . constitutional rights of which a reasonable person would have known.'" *Hernandez v. Mesa*, 582 U.S. 548, 554 (2017) (cleaned up). "The doctrine of qualified immunity balances dueling interests—allowing officials to perform their duties reasonably without fear of liability on the one hand and affording members of the public the ability to vindicate constitutional violations by government officials who abuse their offices on the other." *Lopez v. Sheriff of Cook Cty.*, 993 F.3d 981, 987 (7th Cir. 2021) (cleaned up). "The purpose of qualified immunity is to protect 'all but the plainly incompetent or those who knowingly violate the law.'" *Humphrey v. Staszak*, 148 F.3d 719, 727 (7th Cir. 1998) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

Qualified immunity is an affirmative defense, but once a defendant properly raises the defense, the burden shifts to the plaintiff to defeat it. *Leiser v. Kloth*, 933 F.3d 696, 701 (7th Cir. 2019), *cert. denied*, 140 S. Ct. 2722 (2020). As a court in this District recently aptly stated, "[q]ualified immunity and a motion to dismiss sometimes make an odd couple." *Allen v. Taylor*, 2025 WL 885838, at *8 (N.D. Ill. Mar. 21, 2025) (discussion the tension that arises when a defendant moves to dismiss based on qualified immunity). Although "a plaintiff has the burden of overcoming an assertion of qualified immunity[,] a complaint doesn't have to allege the absence of qualified immunity, either." *Id.* at *9. "[A] plaintiff can plead himself out of court on qualified immunity grounds." *Sabo v. Erickson*, 128 F.4th 836, 842 (7th Cir. 2025) (en banc) (collecting cases).

A complaint will overcome a motion to dismiss based on qualified immunity when "(1) the plaintiff adequately alleged facts that, if true, would constitute a violation of a statutory or constitutional right, and (2) the right was clearly established at the time of the alleged violation, such that a reasonable public official would have known his conduct was unlawful." *Hanson v. LeVan*, 967 F.3d 584, 592 (7th Cir. 2020) (cleaned up).

Starting with the first requirement, for the reasons discussed above, Squires has adequately alleged an excessive force claim under the Fourth Amendment. *See supra* Section I.A.

Turning to the second requirement, whether Deputy Hawley violated a clearly established right, even at the motion to dismiss stage, "the crucial question" is

8

"whether the official acted reasonably *in the particular circumstances* that he or she faced." *Sabo*, 128 F.4th at 844 (emphasis in original) (cleaned up). At the motion to dismiss stage, however, asserting a qualified immunity defense "subjects the defendant to a more challenging standard of review than would apply on summary judgment" because "it is the defendant's conduct as alleged in the complaint that is scrutinized for objective legal reasonableness." *Reed*, 906 F.3d at 549 (cleaned up). And, at this stage, courts in this District typically do not require much specificity about the clearly established right. *See Allen*, 2025 WL 885838, at *10 (collecting cases and citing, *inter alia*, *Alcorn v. City of Chicago*, 2018 WL 3614010, at *9 (N.D. Ill. 2018) ("[I]t has been clearly established that it was unconstitutional for the [defendants] to continue to detain [the plaintiff] without probable cause and based on a falsified arrest report.").

The Court finds that Squires has alleged facts that, taken in the light most favorable to Squires, plausibly support a claim of excessive force during her arrest. The Court need not determine at this stage whether *Frazell* is on all fours with the allegations in this case. *See, e.g.*, *Hitzke as next friend of Hitzke v. Vill. of Mundelein*, 524 F. Supp. 3d 822, 830 (N.D. Ill. 2021). Whether Deputy Hawley is ultimately entitled to qualified immunity is a question for another day.

The Court therefore denies Defendants' motion to dismiss Squires' Section 1983 claim for excessive force against Deputy Hawley.

## II. Battery

Squires alleges her state-law battery claim against Deputy Hawley, Grundy

County, and Sheriff Riley. *See* Compl. ¶¶ 21–26. Defendants move to dismiss the battery claim against Deputy Hawley for failure to adequately state a claim; against Grundy County because the County cannot be liable under *respondeat superior*, and against Sheriff Riley because he is immune under the Illinois Tort Immunity Act. Mot. Dismiss at 5–6. The Court addresses each argument in turn.

### A. Sufficiency of Allegations

Under Illinois law, "[a] person commits battery if he or she knowingly without legal justification by any means (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." 720 ILCS 5/12-3. "[B]attery requires more than an intent to contact, in that a defendant must intend to cause a harmful or offensive contact." *Bakes v. St. Alexius Med. Ctr.*, 955 N.E.2d 78, 86 (Ill. App. Ct. 2011). Illinois courts have looked to the Fourth Amendment's reasonableness standard for purposes of assessing whether an officer's use of force is legally appropriate. *Illinois Mun. League Risk Mgmt. Ass'n v. Siebert*, 585 N.E.2d 1130, 1139 (Ill. App. Ct. 1992).

Similar to the excessive force claim, Defendants contend that Squires' allegations supporting her battery claim are conclusory and imply that she resisted arrest, meaning Deputy Hawley was required to use force while attempting to arrest her. Mot. Dismiss at 5. Again, the Court finds that Defendants misapply the standard used on a motion to dismiss under Rule 12(b)(6). Drawing all reasonable inferences in Squires' favor, as it must, *Tobey*, 890 F.3d at 646, the Court agrees with Squires that she has adequately pled that Deputy Hawley intentionally made harmful contact

10

with her when he "forcefully threw [Squires] to the ground," while trying to handcuff her, causing her to become unconscious and sustain injuries requiring surgery. Resp. at 6. Whether or not Deputy Hawley was authorized to use the force that he did is more appropriately addressed at summary judgment or trial. Accordingly, the Court denies Defendants' motion to dismiss Squires' battery claim against Deputy Hawley.

### B. Grundy County

Squires alleges that "Grundy County, by and through the Grundy County Sheriff's Department is liable to Plaintiff Terry Squires for intentional battery, through the acts of Deputy Hawley, pursuant to the doctrine of *respondeat superior*." Compl. ¶ 25. Defendants argue that Squires' claim against Grundy County must be dismissed because in Illinois, "a county is not liable under respondeat superior for the acts of the sheriff because the sheriff is an independently elected county officer rather than an employee of the county." Mot. Dismiss at 5 (quoting *Wallace v. Masterson*, 345 F. Supp. 2d 917, 921 (N.D. Ill. 2004) (citing *Moy v. County of Cook*, 640 N.E.2d 926, 929 (Ill. 1994)). Squires does not directly respond to this argument, but rather pivots and contends that Grundy County is a necessary party to the suit because the Illinois Supreme Court has stated that a county is obligated to provide funds to the county sheriff to pay judgments entered against the sheriff in their official capacity, and here, she brings the battery claim against Sheriff Briley in his official capacity. Resp. at 6–7 (citing *Carver v. Sheriff of La Salle Cnty.*, 787 N.E.2d 127, 138 (Ill. 2003)).

As an initial matter, by not responding to Defendants' argument regarding the

11

Grundy County's liability under *respondeat superior*, Squires has waived any response. *See In re GT Automation Grp., Inc.*, 828 F.3d 602, 605 (7th Cir. 2016) ("An argument not responded to is ordinarily deemed waived."). No matter, as the Court agrees with Defendants that Grundy County cannot be held liable under a *respondeat superior* theory of liability. *See Moy*, 640 N.E.2d at 929; *see also Klinger v. City of Chicago*, 2017 WL 736895, at *7 (N.D. Ill. Feb. 24, 2017).

Squires argues, however, that Grundy County is a necessary party because it is obligated to pay a judgment entered against Sheriff Briley in his official capacity. Resp. at 7 (citing *Carver v. Sheriff of LaSalle Cnty., Illinois*, 324 F.3d 947, 948 (7th Cir. 2003); *Carver v. Sheriff of La Salle Cnty.*, 787 N.E.2d 127, 138 (Ill. 2003)). For the reasons stated below, however, the Court dismisses Squires' battery claim against Sheriff Briley in his official capacity. Therefore, the Court finds that Grundy County is not a necessary party to the lawsuit, and dismisses Squires' battery claim against it.

However, the obligation to pay official capacity judgments entered against a sheriff is different than the obligation of the county to *indemnify* a sheriff or deputy for judgments entered against them in an official capacity. *See Carver*, 787 N.E.2d at 134; *see also Hildreth v. Cook Cnty.*, 2010 WL 1656810, at *5 (N.D. Ill. Apr. 23, 2010). If Squires intends to pursue an indemnification claim against the County—to the extent allowed under Illinois law—she may file an amended complaint.

### C. Sheriff Briley

Similar to her allegations against Grundy County, Squires seeks to hold Sheriff

12

Briley, in his official capacity, liable for intentional battery pursuant to the doctrine of *respondeat superior*. Compl. ¶ 26. Defendants argue that, under Seventh Circuit authority, a sheriff is "immune [from vicarious liability] under the provisions of the Illinois Tort Immunity Act." Mot. Dismiss at 6 (quoting *Payne for Hicks v. Churchich*, 161 F.3d 1030, 1044 (7th Cir. 1998) and citing 745 ILCS 10/2–204; *Tyehimba v. Cook Cnty.*, 2024 WL 1142017, at *4 (N.D. Ill. Mar. 15, 2024)). In response, Squires argues that the Illinois Tort Immunity Act does not protect the Sheriff from allegations that he acted in a willful and wanton manner, as she pleads in this case. Resp. at 7 (citing *Payne*, 161 F.3d at 1045). Squires' response does not align with the argument advance by Defendants, however, because, as Defendants correctly point out in reply, *Payne* stands for the proposition that, while a sheriff can be liable where *he or she* acted in a willful and wanton manner, a sheriff is still protected by the Illinois Tort Immunity Act from vicarious acts of his or her agents, even if those acts were done in a willful and wanton manner. R. 23, Reply at 4 (citing *Payne*, 161 F.3d at 1044); *see also Tyehimba*, 2024 WL 1142017, at *1, 4 (sheriff could not be held vicariously liable for state law claims for battery, negligence, and willful and wanton conduct). Here, as Defendants note in reply, Squires does not allege that Sheriff Briley acted in a willful and wanton manner, rather that Deputy Hawley did. *Id.* (citing Compl. ¶¶ 22–4, 26).

Based solely on the arguments and authority presented by the parties, the Court agrees with Defendants that Sheriff Briley cannot be held vicariously liable for Deputy Hawley's alleged battery. Defendants argue that dismissal should be with prejudice. Mot. Dismiss at 6. Notably, Squires did not address whether any dismissal

13

should be with or without prejudice, nor did Squires ask for leave to file an amended complaint should the Court grant the motion. *See* Resp. The battery claim is therefore dismissed against Sheriff Briley with prejudice based on the *respondeat superior* theory of liability. *See Tyehimba*, 2024 WL 1142017, at *4.

### III. Grundy County Sheriff's Department

Finally, Defendants seek dismissal of the Grundy County Sheriff's Department, as it is named only in the caption of the Complaint, but there are no allegations against it. Mot. Dismiss at 6. Squires does not respond to this argument, and thus has waived any response. *See In re GT Automation Grp., Inc.*, 828 F.3d at 605. Defendants request dismissal with prejudice; however, with no allegations against the Grundy County Sheriff's Department, the Court cannot say there is no set of facts under which Squires could plausibly state a claim against Grundy County, so the dismissal is without prejudice for now.

### Conclusion

For the reasons discussed above, the Court grants in part and denies in part Defendants' motion to dismiss [22]. The Court denies the motion as to Count I and grants in part and denies in part the motion as to Count II. Count II may proceed against Deputy Hawley, but is dismissed without prejudice as to Grundy County, and is dismissed with prejudice as to Sheriff Briley based on a *respondeat superior* theory of liability. Any claim against the Grundy County Sheriff's Department (to the extent there is one) is dismissed without prejudice. Squires may file an amended complaint consistent with this Order on or before April 21, 2025. If Squires does not file an

14

amended complaint on or before that date, then the remaining Defendants are directed to file an answer to her Complaint on or before May 5, 2025.

Dated: March 31, 2025

_____
United States District Judge
Franklin U. Valderrama